UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. _____

COLONY INSURANCE COMPANY,

   Plaintiff,

v.

MONTECITO NEW RIVER, LLC; VINCENT
McINTYRE and CONSTANCE McINTYRE,

   Defendants.
_____/

## PETITION FOR DECLARATORY RELIEF AND DECREE

The Plaintiff, Colony Insurance Company ("Colony"), a foreign corporation, by and through its undersigned counsel, and herein files this Petition for Declaratory Relief and Decree against the Defendants, Montecito New River, LLC ("Montecito"), Vincent McIntyre and Constance McIntyre, and would allege as follows:

1. This is an action for declaratory relief and decree pursuant to the provisions of the Federal Declaratory Judgment Act, 28 U.S.C., Sections 2201 and 2202 and Chapter 86, Florida Statutes.

2. The amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

3. Jurisdiction of this action is present under the provisions of 28 U.S.C., Section 1332.

4. At all material times hereto, the Plaintiff, Colony, was and is a foreign corporation with its principal place of business located in Richmond, Virginia, and is, thus, a citizen of Virginia.

5.  At all material times hereto, the Defendant, Montecito, was a Limited Liability Company incorporated and doing business in the State of Delaware and authorized by the State of Florida to transact business in Florida, with its principal place of business being located in Broward County, Florida, and thus, is a citizen of Florida.

6.  At all material times hereto, the Defendant, Vincent McIntyre, was *sui juris* and a resident of Broward County, Florida, and is, thus, a citizen of Florida.

7.  At all material times hereto, the Defendant, Constance McIntyre, was *sui juris* and a resident of Broward County, Florida, and is, thus, a citizen of the State of Florida.

8.  At all material times hereto, Colony was, and is, an excess and surplus lines insurer issuing policies of insurance in the State of Florida through general agents and/or managing general agents.

9.  Colony issued a Commercial General Liability Insurance Policy, Policy No. GL183286, to Montecito Investment, a non-party to this litigation, with effective dates of May 24, 2005 to May 24, 2006 (the "Colony Policy").

10. Thereafter, the Colony Policy was renewed for the policy term May 24, 2006 to May 24, 2007. The relevant and material terms and conditions of this policy, the 2006/2007 Policy, are identical to those in the 2005/2006 Policy referenced above.

11. The Colony Policies' general liability coverages contained an each occurrence limit of $1.0 million and a general aggregate limit of $2.0 million. A true and correct copy of the 2005/2006 Colony Policy is attached hereto and made a part hereof as Exhibit A.

12. On a date unknown to Colony, Vincent McIntyre and Constance McIntyre (hereinafter referred to, where appropriate, collectively as "McIntyre") filed a civil action in the Circuit Court of the 17th Judicial Circuit, in and for Broward County, Florida, against Montecito

and Smith Property Holdings New River Village, LLC (the "Lawsuit"). Upon information and belief, the Lawsuit is proceeding under the allegations of an Amended Complaint filed on or about June 28, 2010 (the "Amended Complaint"). A true and correct copy of the Amended Complaint in the Lawsuit is attached hereto and incorporated by reference herein as Exhibit B.

13. As more particularly set forth below, based upon the allegations in the Amended Complaint in the Lawsuit, and the facts and/or circumstances giving rise to or supporting those allegations, there are provisions, terms, conditions, definitions and/or exclusions in the Colony Policies which operate to preclude coverage for Montecito under the Policies. This lack of coverage applies to any duty of Colony to defend Montecito as well as any duty of Colony to indemnify Montecito for any damages awarded in favor of McIntyre and against Montecito in the Lawsuit.

14. Notwithstanding this lack of coverage, Montecito maintains that coverage is present under the Colony Policies. As a consequence, Colony is currently providing Montecito with a defense to the allegations and claims in the Lawsuit under a full and complete reservation of rights. The foregoing creates a current and present controversy between Colony, on the one hand, and Montecito and/or McIntyre, on the other hand.

15. This demand for declaratory relief and decree is not made for the purpose of seeking a legal opinion, but, rather, is needed to resolve an existing dispute which creates doubt between the parties as to their legal rights, responsibilities and obligations.

## COUNT I
### Fungi or Bacteria Exclusion

Colony hereby re-adopts, re-alleges and incorporates Paragraphs 1 through 15 above, as if fully stated herein, and alleges further:

16. The Insuring Agreements of the Colony Policies provide, in pertinent part, as follows:

## COMMERCIAL GENERAL LIABILITY COVERAGE FORM

\* \* \* \* \*

### SECTION I – COVERAGES

### COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY

1. **Insuring Agreement**

   a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.

   \* \* \* \* \*

   b. This insurance applies to "bodily injury" and "property damage" only if:

      (1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

      (2) The "bodily injury" or "property damage" occurs during the policy period;

17. Further, the Colony Policies contain the following defined terms, among others:

### SECTION V – DEFINITIONS

\* \* \* \* \*

3. "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

\* \* \* \* \*

13. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

\* \* \* \* \*

17. 'Property damage" means:

   a. Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

   b. Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

18. Despite the grant of coverages set forth in the Insuring Agreements, quoted above, the Colony Policies contain a Fungi or Bacteria Exclusion which provides as follows:

### FUNGI OR BACTERIA EXCLUSION

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

A. The following exclusion is added to Paragraph **2.**, Exclusions of **Section I – Coverage A – Bodily Injury And Property Damage Liability:**

   **2. Exclusions**

   This insurance does not apply to:

   **Fungi or Bacteria**

   a. "Bodily injury" or "property damage" which would not have occurred, in whole or in part, but for the actual, alleged or threatened inhalation of, ingestion of, contact with, exposure to, existence of, or presence of, any "fungi" or bacteria on or within a building or structure, including its contents, regardless of whether any other cause, event, material or product contributed concurrently or in any sequence to any such injury or damage.

\* \* \* \* \*

C. The following definition is added to the Definitions Section:

"Fungi" means any type or form of fungus, including mold or mildew and any mycotoxins, spores, scents or byproducts produced or released by fungi.

19. The Amended Complaint in the Lawsuit, in pertinent part, contains the following allegations:

> This action arises from the acts and/or omissions of the owners, partners, management, staff, employees and/or agents of DEFENDANTS, "SMITH PROPERTY" and "MONTECITO" in failing to properly, timely and diligently investigate and identify mold and/or fungi infestation at PLAINTIFFS' unit located at New River, and failing to subsequently report, address and remediate the mold/mildew and its adverse consequences once discovered, and in failing to warn and/or disclose to PLAINTIFFS of its existence when DEFENDANTS knew or should have known of its existence upon the exercise of reasonable due diligence.

20. A fair reading of the allegations and claims contained within the Amended Complaint in the Lawsuit reflect that any "bodily injury" and/or "property damage" claimed by McIntyre in the Lawsuit come within the clear and unambiguous provisions of the Fungi or Bacteria Exclusion, quoted above.

21. As a consequence, Colony is not required to indemnify Montecito for any damages claimed or sought in the Amended Complaint in the Lawsuit and, further, is not obligated to defend Montecito for the damages sought or claimed in the Amended Complaint in the Lawsuit.

WHEREFORE, Colony requests that this Honorable Court adjudicate and decree as follows:

A. That Colony has no obligation to defend Montecito for the claims and allegations being asserted by McIntyre against Montecito in the Lawsuit;

B. That Colony has no obligation to indemnify Montecito for any damages awarded or assessed in favor of McIntyre in the Lawsuit;

C. That this Court award unto Colony the costs and expenses that Colony has incurred, and will continue to incur in the future, in the defense of Montecito in the Lawsuit;

    D.    That this Court enjoin, stay and/or abate the proceedings in the Lawsuit pending the determination of the issues raised by Colony in this Petition for Declaratory Relief;

    E.    That this Court award unto Colony its lawful costs in connection with the prosecution of this action; and

    F.    That this Court grant such other relief as this Court deems just and proper.

**COUNT II**
**Policy Period**

Colony re-adopts, re-alleges and incorporates Paragraphs 1 – 15, above, as if fully stated herein, and alleges further:

    22.    The Insuring Agreements of the Colony Policies provide, in pertinent part, as follows:

**COMMERCIAL GENERAL LIABILITY COVERAGE FORM**

\* \* \* \* \*

**SECTION I – COVERAGES**

**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

    **1.**    **Insuring Agreement**

        **a.**    We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.

\* \* \* \* \*

        **b.**    This insurance applies to "bodily injury" and "property damage" only if:

            **(1)**    The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

  (2) The "bodily injury" or "property damage" occurs during the policy period;

23. Further, the Colony Policies contain the following defined terms, among others:

**SECTION V – DEFINITIONS**

\* \* \* \* \*

3. "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

\* \* \* \* \*

13. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

\* \* \* \* \*

17. 'Property damage" means:

 **a.** Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

 **b.** Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

24. Despite the grant of coverages set forth in the Insuring Agreements, quoted above, the Colony Policies contain a Fungi or Bacteria Exclusion which provides as follows:

**FUNGI OR BACTERIA EXCLUSION**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

**A.** The following exclusion is added to Paragraph **2.**, Exclusions of **Section I – Coverage A – Bodily Injury And Property Damage Liability:**

 **2.** **Exclusions**

 This insurance does not apply to:

 **Fungi or Bacteria**

-8-

      **a.**    "Bodily injury" or "property damage" which would not have occurred, in whole or in part, but for the actual, alleged or threatened inhalation of, ingestion of, contact with, exposure to, existence of, or presence of, any "fungi" or bacteria on or within a building or structure, including its contents, regardless of whether any other cause, event, material or product contributed concurrently or in any sequence to any such injury or damage.

\* \* \* \* \*

**C.**    The following definition is added to the Definitions Section:

"Fungi" means any type or form of fungus, including mold or mildew and any mycotoxins, spores, scents or byproducts produced or released by fungi.

25.    The 2005/2006 Colony Policy, Exhibit A, contains an endorsement, Endorsement 11, that added the premises containing McIntyre's apartment to the Colony Policy with an effective date of August 2, 2005.

26.    Further, the 2005/2006 Colony Policy contained an endorsement entitled "Limitation of Coverage to Designated Premises or Project" that limits Colony's liabilities under the policies to only those premises or projects specifically listed or endorsed onto the Colony Policies. Since the Endorsement for the subject premises was not effective until August 2, 2005, the Colony Policies provide no coverage for any "bodily injury" or "property damage" which occurred prior to August 2, 2005.

27.    The allegations and claims made by McIntyre in the Lawsuit reflect that the alleged water intrusion, and subsequent and/or developing fungi and/or bacteria, first occurred prior to the effective date of the Colony Policy for the premises at issue – i.e., prior to August 2, 2005.

28.    As a consequence, any "property damage" and/or "bodily injury" sought or claimed by McIntyre in the Lawsuit first occurred prior to the effective date of the Insuring

Agreements of the Colony Policies and, thus, no coverage is afforded for any such claims or allegations in the Colony Policies.

WHEREFORE, Colony requests that this Honorable Court adjudicate and decree as follows:

A. That Colony has no obligation to defend Montecito for the claims and allegations being asserted by McIntyre against Montecito in the Lawsuit;

B. That Colony has no obligation to indemnify Montecito for any damages awarded or assessed in favor of McIntyre in the Lawsuit;

C. That this Court award unto Colony the costs and expenses that Colony has incurred, and will continue to incur in the future, in the defense of Montecito in the Lawsuit;

D. That this Court enjoin, stay and/or abate the proceedings in the Lawsuit pending the determination of the issues raised by Colony in this Petition for Declaratory Relief;

E. That this Court award unto Colony its lawful costs in connection with the prosecution of this action; and

F. That this Court grant such other relief as this Court deems just and proper

Dated this 21st day of September, 2010.

> CONROY, SIMBERG, GANON, KREVANS,
> ABEL, LURVEY, MORROW & SCHEFER,
> P.A.
> 325 John Knox Road
> Atrium Building, Suite 105
> Tallahassee, FL 32303
> Phone: (850) 383-9103
> Fax: (850) 383-9109
>
> By: _____
> John E. Herndon, Jr., Esquire
> Florida Bar No. 199702